# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA JOHNSTON, | CASE NO. 4:16-cv-00290-GBC |
| Plaintiff, | |
| v. | (MAGISTRATE JUDGE COHN) |
| NANCY A. BERRYHILL,[1] Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | OPINION AND ORDER TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES |
| Defendant. | |

## OPINION AND ORDER TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES

Before the Court are Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b).

(Doc. 25). In Plaintiff's motion, Plaintiff's counsel seeks approval of an attorney fee award of

$7,192.00 pursuant to 42 U.S.C. § 406(b) and the terms of the contingency fee contract between

Plaintiff and counsel. Id.

## I. STANDARD OF REVIEW

Unlike fees awarded under other statutes such as the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412, fees under 42 U.S.C. § 406(b) are paid from the claimant's benefits, rather than

from agency funds, based on a contract between the claimant and the claimant's attorney. Pursuant

to 42 U.S.C. § 406(b), a district court must independently assess the reasonableness of the terms

in contingent-fee agreements. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). § 406(b) "calls for

---

[1]   Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration pending the nomination and confirmation of a Commissioner.  Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," and to guard against windfalls for lawyers. Id. at 807-08. Decisions on motions for § 406(b) fees "are committed to the district court's sound discretion." McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). Section 406(b) contemplates awarding a reasonable fee only for work performed before the court, not for work performed before the agency. See McGraw, 450 F.3d at 498. Thus, in considering the reasonableness of a § 406(b) request, the court should not consider time enumerated for any work that was performed before the administrative agency. Additionally, where a plaintiff is also awarded attorney fees under the EAJA, plaintiff's attorney must refund the lesser of the two fees to plaintiff. See Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

## II. BACKGROUND

In this case, Defendant issued to Plaintiff a Notice of Award on February 26, 2018, showing Plaintiff was entitled to past due benefits, of which Defendant withheld 25 percent, or a total of $13,192.00, for the payment of attorney fees (see Doc. 25-1 at 2). Here, counsel requests $7,192.00 in fees for 19.55 hours of attorney work (see Doc. 25 at 3; Doc. 25-4). In her response, Defendant notes she is "not a party to § 406(b) fee awards and generally takes no position on such petitions…but rather she defers to the Court's sound discretion as to the reasonableness of the fee award." (Doc. 27).

## III. ANALYSIS

In January 2017 the Court entered judgment in favor of Johnston, remanding the case for further proceedings. (Docs. 16, 17). On remand, the agency determined that Johnston became disabled in August 2013 and was entitled benefits beginning February 2014. The Notice of Award

indicates that the agency withheld $13,192.00 from Johnston's past due benefits in order to pay attorney fees. (Doc. 25-1).

As the agency withholds 25 percent of back benefits to pay fees, the notice of award show $39,576.00 in back benefits were awarded on remand. Plaintiff's counsel may request fees for as much as $9,919.00. (Doc. 25-1). However, Plaintiff's counsel requests attorney fees for 19.55 hours of court work amounting to $7,192.00, which is less than the contractual amount. (Doc. 25). The EAJA payment of $3,955.55 will also be available for payment of the § 406(b) fees. Once the § 406(b) fee amount is paid in full, the $3,955.55 EAJA payment received by counsel will immediately be refunded to Plaintiff. Therefore, Plaintiff will be out of pocket less than the 25 percent of back benefits she contracted to pay attorney fees. According to law, the excess EAJA award will immediately be refunded to Plaintiff to the extent counsel has been double paid for the same work.

Thus, the Court concludes that a fee award of $7,192.00 is reasonable in this matter. This amount is consistent with the contract between counsel and Plaintiff and is within the statutory limits of § 406(b).

### IV. CONCLUSION

Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (doc. 33) is hereby GRANTED as follows. The Court finds $7,192.00 to be a reasonable attorney fee, and that fee is hereby awarded to Plaintiff's attorney. Upon receipt of payment, counsel is required to refund to Plaintiff the smaller of the § 406(b) fees or the EAJA fees pursuant to Weakley, 803 F.2d at 580.

SO ORDERED on April 5, 2018.

_____

**Gerald B. Cohn**
**United States Magistrate Judge**